UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS T. KONTOGIANNIS,          :
                                 :
        Petitioner,              :      Civ. No. 15-1785 (RBK)
                                 :
    v.                           :
                                 :
J. HOLLINGSWORTH,                :      **OPINION**
                                 :
        Respondent.              :
                                 :

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

## II.  BACKGROUND

Petitioner filed this federal habeas petition in March, 2015. Petitioner challenges his "Greater Security Management Variable" by the Federal Bureau of Prisons ("BOP"). He requests that this Court change his "Inmate Security Designation and Custody Classification" so that he can be transferred to a lower security level prison and participate in the Residential Drug and Alcohol Program. He claims that his Fifth, Sixth, Eighth and Fourteenth Amendment rights have been violated.

Respondent filed its response to the habeas petition in June, 2015. Respondent asserts that this Court lacks jurisdiction over petitioner's classification and placement issues under § 2241 because a judgment in favor of petitioner would not affect the fact or duration of his

confinement. Furthermore, respondent argues that petitioner does not have a protected liberty interest in a particular custody classification or place of confinement.

Petitioner filed a reply in support of his habeas petition. In his reply, he requests that this Court remove the "Inmate Security Designation and Custody Classification" of "Bail Jumper" that created the "Greater Security Management Variable" against him. In his reply, petitioner requests that such an order should be issued pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### III.   DISCUSSION

Habeas relief is limited. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Indeed, the Third Circuit has stated the following:

> [W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer*, 288 F.3d at 542. A challenge to a custody classification is "not cognizable in a § 2241 petition because [it] does not challenge the basic fact or duration of his imprisonment, which is the 'essence of habeas'" *Carter v. Bledsoe*, 519 F. App'x 123, 124 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Instead, such a claim should be brought as a *Bivens* action.[1] *Id.* (citing *Leamer*, 288 F.3d at 542). Accordingly, this Court will deny the habeas

---

[1] *Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk,* 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (citing *Egervary v. Young,* 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy,* 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held

petition without prejudice as petitioner is seeking this Court to change his custody classification in this habeas action. Because such a claim is not appropriate as a habeas action, this Court need not analyze respondent's second argument that petitioner does not have a protected liberty interest in custody classification or a particular place of confinement at this time.

As noted in *supra* Part II, petitioner attempts to rely on *Bivens* in his reply brief for this case. However, this case was filed as a habeas action under § 2241, not *Bivens*. Indeed, petitioner only paid the $5.00 filing fee for habeas actions as opposed to the $400.00 filing fee that would be incurred if he filed this as a *Bivens* action. This Court will not convert this case to a *Bivens* action at this time. Petitioner is of course free to file a new action under *Bivens* should he elect to do so as the dismissal of this habeas petition is without prejudice.

### IV.   CONCLUSION

For the foregoing reasons, the habeas petition is denied without prejudice. An appropriate order will be filed.


DATED: March 31, 2016                                        s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge

---

that a parallel right exists against federal officials); *see also Collins v. F.B.I.,* No. 10–3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).